In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 24-2138

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LARRY DARNELL DOSS,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:23-cr-043-001 — **Gretchen S. Lund**, *Judge.*

———————————

ARGUED APRIL 10, 2025 — DECIDED JULY 23, 2026

———————————

Before RIPPLE, HAMILTON, and PRYOR, *Circuit Judges*.

PRYOR, *Circuit Judge*. Larry Doss pled guilty, without a
plea agreement, for being a felon in possession of a firearm in
violation of 18 U.S.C. § 922(g)(1). Doss was previously con-
victed of sexual battery under Indiana Code § 35-42-4-8(a)(2).
At sentencing, the district court enhanced Doss's base offense
level because the sexual battery conviction was a "crime of vi-
olence" within the meaning of § 2K2.1(a)(4)(A) of the United
States Sentencing Guidelines ("U.S.S.G." or "Guidelines").

The district court then sentenced Doss to 41 months' imprisonment followed by two years' supervised release. On appeal, Doss argues that the district court erred in applying the "crime of violence" enhancement based on his Indiana sexual battery conviction. Finding no error, we affirm.

## I.   BACKGROUND

Doss pled guilty (without a plea agreement) in March 2024 to one count of possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(8). Doss's prior criminal history included a 2017 felony conviction for sexual battery in violation of Indiana Code § 35-42-4-8(a)(2). In preparing the Presentence Investigation Report ("PSR"), the United States Probation Office determined that this conviction constituted a "crime of violence"—in particular, a "forcible sex offense"—resulting in an enhanced base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A). *See* U.S.S.G. § 4B1.2(a) (defining "crime of violence" in part as a "forcible sex offense"). With nine criminal history points, according to the sentencing table in the Guidelines, Doss's criminal history established a criminal history category of IV. The PSR also explained that the statutory range for Doss's term of supervised release was not more than three years. 18 U.S.C. § 3583(b)(2); U.S.S.G. § 5D1.2(a)(2).

At sentencing, the district court adopted the probation officer's calculation in the PSR, and Doss did not object to it. Doss then received a three-level reduction for acceptance of responsibility, producing an advisory guideline range of 37 to 46 months. The court also granted the government's § 5K1.1 motion for a downward departure equivalent to one offense level, which amounted to a recommendation of a sentence in the range of 33 to 41 months' imprisonment. After hearing ar-

gument from the parties regarding an appropriate sentence, the district court sentenced Doss to 41 months' imprisonment followed by two years of supervised release.

Doss now appeals.

## II.    ANALYSIS

Doss argues for the first time that Indiana Code § 35-42-4-8(a)(2) is not a "crime of violence" as used in § 2K2.1(a)(4)(A) and that his base offense level therefore should not have been enhanced. He seeks remand for resentencing.

### A.  Standard of Review

Doss concedes that plain error applies because he did not object to the district court's application of the "crime of violence" enhancement at sentencing. *United States v. Van Sach*, 104 F.4th 1003, 1006 (7th Cir. 2024) (per curiam). The plain error standard requires a defendant to demonstrate "(1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that had a serious effect on the fairness, integrity, or public reputation of judicial proceedings." *United States v. Brasher*, 105 F.4th 1002, 1006 (7th Cir. 2024) (quoting *United States v. Haas*, 37 F.4th 1256, 1264 (7th Cir. 2022)).

Sentencing based on an incorrect Guidelines range is plain error unless the error "in no way affected the district court's selection of a particular sentence." *United States v. Jenkins*, 772 F.3d 1092, 1097 (7th Cir. 2020) (quoting *United States v. Love*, 706 F.3d 832, 841 (7th Cir. 2013)). Here, Doss alleges the district court erred in deciding his conviction for sexual battery in Indiana constituted a "crime of violence" under § 2K2.1(a)(4)(A). This is "a legal question we review de novo." *United States v. Williams*, 949 F.3d 1056, 1066 (7th Cir. 2020). The government concedes that if we find an error that is plain,

then the other factors are satisfied, and we should remand for resentencing. We focus our discussion accordingly.

## B.  The Guidelines and the Categorical Approach

The United States Sentencing Guidelines provide that the base offense level for those convicted under 18 U.S.C. § 922(g)(1) increases if the defendant has a prior felony conviction of a "crime of violence." U.S.S.G. § 2K2.1(a)(4)(A); *e.g.*, *United States v. Dixon*, 27 F.4th 568, 569–71 (7th Cir. 2022).

To determine whether an offense counts as a conviction for a "crime of violence" within the meaning of the Guidelines, we apply the "categorical approach." *Dixon*, 27 F.4th at 570. This approach requires us to "compare the elements of the state statute forming the basis of the defendant's conviction with the elements of the generic offense (i.e., the offense as it is commonly understood). *United States v. Carr*, 107 F.4th 636, 645 (7th Cir. 2024) (citing *Descamps v. United States*, 570 U.S. 254, 257 (2013)). "Under this approach, the defendant's prior conviction under the state statute will qualify as a crime of violence only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.*

Under this approach, we look at the state criminal statute on its own terms without regard for the particular facts underlying the defendant's conviction. This means we will not look at how a particular defendant committed the crime; we look only at the elements of the crime itself. *See id.* The narrow exception to this principle is when the statute in question is "divisible," meaning there are alternative sets of elements that would result in a conviction. *Chazen v. Marske*, 938 F.3d 851, 857 (7th Cir. 2019). In that case, we apply a "modified" categorical approach, which simply means that we focus on the

part of the statute that led to the conviction. *Id.* This inquiry is limited to determining whether the alternative elements of the offense qualify as a "crime of violence." *United States v. Vesey*, 966 F.3d 694, 697 (7th Cir. 2020) (citing *Mathis v. United States*, 579 U.S. 500, 505–06 (2016)).

**C. Analysis**

Doss pled guilty to violating 18 U.S.C. § 922(g)(1). Section 2K2.1 addresses firearms, and § 2K2.1(a)(4)(A) provides the base offense level at 20 if the defendant has a prior felony conviction of a "crime of violence." Doss has a previous Indiana felony conviction for sexual battery, IND. CODE § 35-42-4-8, so we must apply the categorical approach to determine whether that conviction is for a "crime of violence."

Doss agrees that his prior conviction was for a violation of IND. CODE § 35-42-4-8(a)(2) and that the statute is divisible, requiring application of the modified categorical approach. The statute in its entirety reads:

> Sec. 8. (a) A person who, with intent to arouse or satisfy the person's own sexual desires or the sexual desires of another person:
>
> (1) touches another person when that person is:
>
>> (A) compelled to submit to the touching by force or the imminent threat of force; or
>>
>> (B) so mentally disabled or deficient that consent to the touching cannot be given; or

(2) touches another person's genitals, pubic area, buttocks, or female breast when that person is unaware that the touching is occurring;

commits sexual battery, a Level 6 felony.

IND. CODE § 35-42-4-8(a)(1)–(2).

Accordingly, our goal is to determine whether the crime described in (a)(2) meets the Guidelines definition of "crime of violence." *See Chazen*, 938 F.3d at 857. Section 2K2.1, Application Note 1, points us to § 4B1.2(a) and its application notes for a definition of "crime of violence." *Dixon*, 27 F.4th at 571.

Section 4B1.2(a), in turn, defines a "crime of violence" as follows:

The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

The parties agree that the focus is on whether Doss's Indiana sexual battery conviction was for a "forcible sex offense" within the meaning of part (2).[1]

The next step is to define "forcible sex offense." Section 4B1.2(e)(1) of the Guidelines partially defines "forcible sex offense" as:

> includ[ing] where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced. The offenses of sexual abuse of a minor and statutory rape are included only if the sexual abuse of a minor or statutory rape was (A) an offense described in 18 U.S.C. § 2241(c) or (B) an offense under state law that would have been an offense under section 2241(c) if the offense had occurred within the special maritime and territorial jurisdiction of the United States.

This definition offers some clarity. The first sentence explains the meaning of "forcible sex offense" is broad; generally speaking, so long as valid consent is absent, most sex offenses qualify as a "forcible sex offense." The second sentence narrows the definition of "forcible sex offense" in the case of statutory rape or sexual abuse of a minor. Those crimes only count as "forcible sex offense[s]" if they would also constitute

---

[1] Part (1) of the definition does not apply because, as the parties agree, Indiana's sexual battery statute does not require the "use, attempted use, or threatened use of physical force." The relevant portion of the Indiana sexual battery statute focuses on nonconsensual touching, and we held in *Williams* that a criminal statute criminalizing "touching or fondling" did not require "the use, attempted use, or threatened use of physical force." 949 F.3d at 1067 (citation modified).

an offense under 18 U.S.C. § 2241(c), which defines the federal offense of aggravated sexual abuse of children.

We now arrive at the parties' disagreement. Although the Guidelines elaborate on the meaning of "forcible," they do not squarely define "sex offense" or offer a cohesive definition of "forcible sex offense." The question is where to look for further guidance. If a federal definition describes a common law crime, courts come up with a "generic" version of the crime by analyzing the way the term is used "in the criminal codes of most States." *United States v. Ruth*, 966 F.3d 642, 646 (7th Cir. 2020) (quoting *Shular v. United States*, 589 U.S. 154, 158 (2020)); *United States v. Martinez-Carillo*, 250 F.3d 1101, 1104–05 (7th Cir. 2001) (collecting examples). Otherwise, consistent with our sister circuits, we look to a phrase's "ordinary, contemporary, and common meaning." *Martinez-Carillo*, 250 F.3d at 1104; *see also United States v. Alfaro*, 835 F.3d 470, 474–75 (4th Cir. 2016) (collecting cases).

The parties concede a "forcible sex offense" is not a common law crime. The government argues that we should adopt the ordinary meaning of the phrase and look to our sister circuits, many of which have already done so, for guidance.

Doss argues, instead, that the Guidelines do define "forcible sex offense" but somewhat obliquely. He points to the second sentence of § 4B1.2(e)(1), which explains that "[t]he offenses of sexual abuse of a minor and statutory rape are included [as forcible sex offenses] only if" they would constitute aggravated sexual abuse of a minor as defined by 18 U.S.C. § 2241(c). U.S.S.G. § 4B1.2(e)(1). Even though the sentence refers only to offenses against minors, Doss argues that the reference to § 2241(c) should apply universally. Section 2241(c), in turn, uses the term "sexual act," which is defined in rele-

vant part as: "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years." 18 U.S.C. § 2246(2)(D). Doss points out the Indiana sexual battery statute is broader than § 2246(2)(D) because it does not require that the victim be under the age of 16. Therefore, according to Doss, the categorical approach reveals that he was not convicted of a "forcible sex offense" within the meaning of the Guidelines and the district court therefore erred in applying the "crime of violence" enhancement.

We reject Doss's argument because it requires us to read the second sentence of the "forcible sex offense" definition in § 4B1.2(e)(1) as applicable to *all* potential "forcible sex offense[s]"—not just offenses against minors. U.S.S.G. § 4B1.2(e)(1). If the Sentencing Commission meant to define all "forcible sex offense[s]" by reference to §§ 2241 and 2246, it could have done so. As § 4B1.2(e)(1) itself demonstrates, the Commission knew how to reference statutes it wished to incorporate. Indeed, the Commission has explained that the sentence in question exists to "make[] clear that the term 'forcible sex offense' in § 4B1.2 *includes* sexual abuse of a minor and statutory rape where certain specified elements are present." U.S.S.G. Manual Supplement to Appendix C, at 124 (Nov. 1, 2024) (emphasis added). Doss's argument contradicts the Commission's own stated intentions. We have rejected similar arguments in the past. *See United States v. Jones*, 56 F.4th 455, 503 (7th Cir. 2022); *United States v. Gregory*, 591 F.3d 964, 967 (7th Cir. 2010). We do so again.

With that put to rest, we must decide what the "ordinary, contemporary, and common meaning" of "forcible sex offense" means. *See Martinez-Carillo*, 250 F.3d at 1104. We have

never squarely defined the term. The government relies heavily on the approach followed by our colleagues in the Fourth Circuit who interpreted the phrase "forcible sex offense" in the context of U.S.S.G. § 2L1.2, where it is defined identically. *Alfaro*, 835 F.3d at 475–79.

Looking to the dictionary, the Fourth Circuit explained that an "ordinary construction" of the phrase "sex offense" refers "to criminal offenses involving sexual conduct." *Id.* at 475 (citing *Sexual Offense*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("An offense involving unlawful sexual conduct, such as prostitution, indecent exposure, incest, pederasty, and bestiality.")). The Black's Law Dictionary definition is the same today.[2] As the court in *Alfaro* pointed out, federal circuit courts have adopted similarly broad definitions of "sex offense" with relative ease. *Id.* at 475–76; *see United States v. Contreras*, 739 F.3d 592, 597 (11th Cir. 2014) (defining "forcible sex offense" as "nonconsensual sexual contact"); *United States v. Quintero-Junco*, 754 F.3d 746, 753 (9th Cir. 2014) (nonconsensual "sexual act"); *United States v. Garza-Guijan*, 714 F.3d 332, 334 (5th Cir. 2013) ("an offense proscribing sexual conduct"); *United States v. Romero-Hernandez*, 505 F.3d 1082, 1087 (10th Cir. 2007) ("an offense involving unlawful sexual conduct" (citation modified)). We see no reason to depart from our sister circuits regarding the definition of "sex offense" as used in the Guidelines.

The only question left then is whether Doss's Indiana felony sexual battery conviction counts as a conviction for a "forcible sex offense." Based on the plain, ordinary meaning of "sex offense," we have no doubt that sexual battery, as de-

---

[2] *Sexual Offense*, BLACK'S LAW DICTIONARY (12th ed. 2024).

fined in Indiana Code § 35-42-4-8(a)(2), is a sex offense. The statute prohibits the touching of "another person's genitals, pubic area, buttocks, or female breast when that person is unaware that the touching is occurring." IND. CODE § 35-42-4-8(a)(2). That certainly counts as an "offense involving unlawful sexual conduct." *Sexual Offense*, BLACK'S LAW DICTIONARY (12th ed. 2024).

We are similarly persuaded that Doss's conviction is for a *forcible* sex offense. Recall the explanation in § 4B1.2(e)(1) that "forcible" incudes where "consent to the conduct is not given or is not legally valid." Given that definition, we read "forcible" in § 4B1.2 to mean "nonconsensual." In doing so, we align ourselves with our sister circuits who have interpreted "forcible," defined the same way, in § 2L1.2. With respect to both § 2L1.2 and § 4B1.2, we conclude that "any nonconsensual sexual contact will satisfy the [G]uidelines definition of 'forcible sex offense.'" *Contreras*, 739 F.3d at 597; *see also Quintero-Junco*, 754 F.3d at 753–54; *Alfaro*, 835 F.3d at 478–79; *United States v. Diaz-Corado*, 648 F.3d 290, 293–95 (5th Cir. 2011) (per curiam).

Putting the pieces together, Doss's offense of conviction, IND. CODE § 35-42-4-8(a)(2), is a "forcible sex offense" within the meaning of § 4B1.2. It prohibits touching certain body parts when the person being touched "is unaware that the touching is occurring." Someone who is unaware of being touched cannot logically provide valid consent; the statute thus criminalizes nonconsensual sexual touching. Therefore, a victim of sexual battery under Indiana Code § 35-42-4-8(a)(2) is a victim of a "forcible sex offense."

Again, our conclusion comports with those of other circuits, which have found state offenses focused on nonconsen-

sual touching to count as "forcible sex offenses" under § 2L1.2. *See Alfaro*, 935 F.3d at 478–79 (collecting cases and holding "sexual contact while aided or abetted by another" to be a "forcible sex offense"); *Quintero-Junco*, 754 F.3d at 753 (statute prohibiting nonconsensual touching of "any part of the genitals, anus or female breast" was "comfortably" within "forcible sex offense" definition (citation modified)); *Romero-Hernandez*, 505 F.3d at 1087–89, 1087 n.4 (nonconsensual touching of intimate parts even through clothing was "forcible sex offense"); *Contreras*, 739 F.3d at 594, 595–97 (sexual battery statute prohibiting touching but not requiring use of physical force likely to cause injury was a "forcible sex offense").

Thus, we conclude that Doss was convicted of a "forcible sex offense" within the meaning of the Guidelines. And because a "forcible sex offense" is a "crime of violence," U.S.S.G. § 4B1.2(a), the district court did not err in setting Doss's base offense level at 20 at sentencing, U.S.S.G. § 2K2.1(a)(4)(A).

## III.   CONCLUSION

Finding no error, plain or otherwise, in Doss's sentence, we AFFIRM.